United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL ANTHONY WILSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-2093 |
| | § | |
| THE BURLINGTON INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AND EVEREST NATIONAL INSURANCE COMPANY, | § § § § § | |
| *Defendants.* | | |

**ORDER**

Pending before this Court is Defendant The Burlington Insurance Company's ("Burlington") Motion for Summary Judgment. (Doc. No. 28). Plaintiff Michael Anthony Wilson ("Wilson") has not filed a response. After considering the motion and the law, the Court hereby **GRANTS** Burlington's Motion for Summary Judgment.

## I. Factual Background

This is an underinsured motorist case. Wilson was driving a truck for trucking company National Premium Logistics, Inc. ("National Premium") when—Wilson alleges—James Douglas Keeline, an underinsured motorist, negligently caused a collision between his vehicle and Wilson's vehicle. Wilson then filed suit against three insurance companies: Burlington, ACE Property and Casualty Insurance Company ("ACE"), and Everest National Insurance Company ("Everest"), seeking underinsured motorist benefits and declaratory relief. Wilson alleged claims for breach of contract, breach of the duty of good faith and fair dealing, negligence and misrepresentation, violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act ("DTPA").

Burlington has now moved for summary judgment, arguing that the only Burlington insurance policy in effect at the time of the collision was a general liability policy issued to National Premium, which contained no underinsured motorist coverage.

## II. Legal Standard

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Defendant's motion by the Court's September 8, 2026, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). Thus, the Court will consider the merits of Defendant's motion.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

**III. Analysis**

As an initial matter, as stated above, Wilson has alleged claims for breach of contract, breach of the duty of good faith and fair dealing, "negligence and misrepresentation", violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Every one of Wilson's claims depends on the existence of an insurance contract under which Wilson was entitled to underinsured motorist coverage. *See Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (5th Cir. 1987) ("[A] duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract."); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("In order for a tort duty to arise out of a contractual duty, i.e. negligent failure to perform a contract, the liability must arise independent of the fact that a contract exists between the parties."); *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) ("[A]n insured cannot

recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits.").

That being the case, the Court turns to the issue of whether Wilson had a right to receive benefits under any policy issued by Burlington. The uncontroverted summary judgment evidence establishes that he did not. Burlington did not issue any policy under which Michael Wilson was the insured. (Doc. No. 28–1 at 2-3 (Declaration of Debra Matava) at ¶ 5). Burlington did issue a policy to National Premium ("the Policy"), the trucking company for which Wilson was driving. (*Id.* at ¶ 6). The Policy was a general commercial liability policy, covering "those sums that the insured [National Premium] becomes legally obligated to pay as damages . . . ." (Doc. No. 28–1 at 5-79 (Insurance Policy) at 48). The policy does not include any coverage for underinsured motorist benefits. (*See id.*).

Wilson does not allege, and no summary judgment evidence has created a genuine issue of material fact as to whether National Premium Logistics is or could be obligated to pay damages to Wilson as a result of the accident alleged. That being the case, there is no evidence that Burlington owed Wilson a contractual duty. As discussed above, in the absence of a contractual duty, all of Wilson's claims fail as a matter of law. *See Arnold*, 725 S.W.2d at 167; *Higginbotham*, 103 F.3d at 460; *Menchaca*, 545 S.W.3d at 489. Wilson's claims against Burlington are dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, Burlington's Motion for Summary Judgment, (Doc. No. 28), is **GRANTED**. Wilson's claims against Burlington are dismissed with prejudice.

It is so ordered.

Signed on this the 21st day of October 2026.

Andrew S. Hanen
United States District Judge